**Willie Lee KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 47789.

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Ray Stevens, Houston, for appellant.

Henry Wade, Dist. Atty., and Jerome L. Croston, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The conviction was for felony theft on a plea of guilty before the court; the punishment, three (3) years.

The sole question is whether proper admonitions were given by the court upon this plea of guilty, as required by Art. 26.-13, Vernon's Ann.C.C.P. Appellant, in writing, with the approval of her attorney, the district attorney and the court, had waived arraignment, the reading of the indictment, had stated in such instruments that her plea was guilty, had agreed to the stipulation of the evidence, and had admitted the allegations of the indictment. The court then asked her:

"THE COURT: Do you understand what you are charged with?

"A Yes.

"THE COURT: Mr. McNicolas has advised me when you are arraigned and when the indictment is read to you, you intend to enter a plea of guilty, is this correct?

"A Yes.

"THE COURT: Are you pleading guilty of your own free will and accord?

"A Yes."

Whereupon the court proceeded to admonish appellant in full compliance with Art. 26.13, V.A.C.C.P., which she asserted she understood, and reiterated to the court her desire to enter a plea of guilty.

The court then said:

"All right, the court will accept your plea if you make it and find you guilty on your plea, if the evidence proves your guilt beyond a reasonable doubt."

The attorney for appellant then repeated to the court the substance of the written waivers previously made, and told the court that appellant wished to enter a plea of guilty and would testify.

The State then offered in evidence the waivers and judicial confession and rested. The appellant testified, repeated that she was guilty, and was pleading guilty because she was guilty and for no other reason.

Having immediately before fully admonished appellant, no further admonitions were given.

It is appellant's contention that the admonitions were given prior to the plea of guilty, and not afterwards, and therefore, they were not effective to comply with Article 26.13, V.A.C.C.P.

We agree that it is contemplated that the admonitions are to follow a plea of guilty. However, the statute in question only provides "If the defendant pleads guilty . . he shall be admonished by the court of the consequences."

Appellant herein was properly admonished at the time of the plea. We hold the variance in the timing of the admonitions was entirely harmless and of no consequence.

Appellant's ground of error is overruled and the judgment is affirmed.

Opinion approved by the Court.