Ramon PALACIOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 55256.

Court of Criminal Appeals of Texas.

Oct. 5, 1977.

S. Cliff Preslar, El Paso, on appeal only, for appellant.

Steve W. Simmons, Dist. Atty. and Thomas C. Roepke, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary of a habitation following appellant's guilty plea, wherein the jury assessed punishment at ten (10) years.

All three grounds of error relate to the court's admonishment. All three grounds contend the trial court erred in accepting appellant's plea of guilty without *first* (1) admonishing him as required by Article 26.-13(a), Vernon's Ann.C.C.P.; (2) making a determination if the plea was free and vol-

untary as required by Article 26.13(b), Vernon's Ann.C.C.P.; (3) informing him that any recommendation of the prosecuting attorney is not binding on the court. See Article 26.13(a)(2), Vernon's Ann.C.C.P.

Appellant's first two contentions are really directed as to when the admonishment was given rather than to the sufficiency of the admonishment. It appears that on August 30, 1977 the appellant entered a plea of guilty before a jury to the charge of burglary of a habitation. After the indictment was read to the jury and the appellant had entered his guilty plea, the court inquired of appellant's counsel if the appellant had been fully advised of his rights when his plea is not guilty, if he understood the consequences of entering a guilty plea, and what rights he loses by entry of a guilty plea. The court received affirmative answers to each question from counsel. The trial then proceeded. After both parties rested and closed, the court recessed for the day.

The next morning, prior to the charge being read to the jury, the court admonished the appellant as to his guilty plea in the absence of the jury. The court explained his rights to appellant, determined that he had not been threatened or promised anything to plead guilty, inquired into the question of mental competency, and informed the appellant of the range of punishment. The appellant stated he still wished to plead guilty because he was guilty. The charge was then read to the jury and jury arguments followed.

There were no objections made to the court's belated admonishment. No motion for new trial was filed.

Article 26.13, Vernon's Ann.C.C.P., as amended (Acts 1977, 65th Leg., p. 748, ch. 280, effective Aug. 29, 1977), provides:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

"(1) the range of punishment attached to the offense; and

"(2) the fact that the recommendation of the prosecuting attorney as to pun-

ishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere, and no statement or other evidence received during such hearing on the defendant's plea of guilty or nolo contendere may be admitted against the defendant on the issue of guilt or punishment in any subsequent criminal proceeding.

"(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

Said statute is found in Chapter 26 of the Code of Criminal Procedure relating to arraignment where the plea is guilty or nolo contendere. Article 27.13, Vernon's Ann.C.C.P., found in Chapter 27 of said Code relating to pleading provides:

"A plea of 'guilty' or a plea of 'nolo contendere' in a felony case must be made in open court by the defendant in person; and the proceedings shall be as provided in Articles 26.13, 26.14 and 27.02. If the plea is before the judge alone, same may be made in the same manner as is provided for by Articles 1.13 and 1.15."

In *Wilson v. State*, 436 S.W.2d 542 (Tex. Cr.App.1968), this court wrote:

"We agree with appellant's contention that the proper time for a defendant to be admonished of the consequences of his plea of guilty is upon arraignment and before the jury is empaneled. . . .

"It does not follow that a conviction on a plea of guilty before a jury will be set aside where the record reflects that the defendant was admonished—as required by Art. 26.14 (sic)[1]—after the jury was empaneled, and persisted in entering such plea."

In *Wilson* the defendant pled "not guilty" at arraignment. After a jury was empaneled, he was again arraigned in the jury's absence and entered a plea of guilty. He was not then admonished. After the indictment was read to the jury, the defendant was then admonished. The delayed admonishment came before any evidence was heard.

In *Vasquez v. State*, 477 S.W.2d 629 (Tex. Cr.App.1972), the court in admonishing the defendant before accepting his plea of guilty erroneously informed him of the range of punishment. The parties then began to orally stipulate the evidence, but the court interrupted the reading of such stipulations and corrected the range of punishment. The defendant agreed that his answers would be the same to all the questions previously asked. The court failed to perceive any harm in the trial court's correction of its error at the earlier admonishment.

In *King v. State*, 501 S.W.2d 893 (Tex.Cr. App.1973), it was held that although the governing statute contemplates that admonitions are to follow a plea of guilty, a defendant who was properly admonished at the time of the plea was not prejudiced by the variance in timing.

■ We adhere to what we said in *Wilson* that the proper time for admonishment is at arraignment prior to the time the jury is empaneled. If the jury has been empaneled, then the admonishment should be done

---

1. Obviously the opinion intended to refer to Article 26.13, Vernon's Ann.C.C.P. Article 26.-14, supra, deals with trial before a jury on a guilty or nolo contendere plea and not admonishment.

in the absence of the jury[2] and prior to trial and prior to the acceptance of the court of the guilty plea or plea of nolo contendere. See Article 26.13, supra.

In the instant case there was no admonishment as required by Article 26.13, supra, prior to trial or prior to the acceptance of the guilty plea.[3] The admonishment came after both sides rested but before the case was submitted to the jury. While the admonishment was belated, the appellant insisted he was still pleading guilty as he was guilty and made no objection to the lateness of the admonishment. He makes no claim now that he was not aware of the consequences of his plea, that he was misled or harmed, or prejudiced by lateness of the admonishment. While the admonishment should have been made prior to accepting the plea, we cannot conclude that reversible error is reflected.

Appellant's next contention is that the court did not admonish him that any recommendation of the prosecuting attorney as to punishment is not binding upon the court as required by Article 26.13, supra. It is true that such is a requirement of the statute and that the court failed to make such admonishment. However, it should be remembered that the plea of guilty was before the jury, not the court, and that it was within the authority of the jury to assess the punishment. See Article 26.14, supra. Such admonishment is therefore irrelevant in a jury case.[4] There was no evidence of any plea bargain, and the prosecutor made no recommendation to the jury as to punishment. We fail to perceive how appellant was harmed.

The judgment is affirmed.

---

**2.** See *Wood v. State*, 515 S.W.2d 300 (Tex.Cr. App.1974); *Minafee v. State*, 482 S.W.2d 273 (Tex.Cr.App.1972), and cases there cited.

**3.** The court in the instant case did not formally announce it was accepting the guilty plea, but permitted the trial to proceed before the jury upon appellant's announced plea of guilty.

**4.** A careful trial judge might want to admonish a defendant that no recommendation of punishment is binding on a jury where a jury is to be empaneled upon a guilty or nolo contendere plea but one is not required by statute.