Tony P. KIDD, Appellant,

v.

The STATE of Texas, Appellee.

No. 55015.

Court of Criminal Appeals of Texas,
En Banc.

April 12, 1978.

Kenneth L. Sanders, Houston, for appellant.

## OPINION

DOUGLAS, Judge.

The convictions are on three counts of aggravated robbery upon pleas of guilty before the court. Punishment was assessed in three counts at fifteen years and one day. Earlier, the appeal was dismissed but it has been reinstated.

We agree with the brief filed by court-appointed counsel that the appeal is frivolous and affirm.

In view of the dissent which would reverse the conviction upon what it determines as unassigned error in the admonishment of appellant before he entered his pleas of guilty, this ground will be discussed. Before accepting the pleas of guilty, the court ascertained that appellant knew the range of punishment for the offense of aggravated robbery. Without setting out the questions by the court and the answers of appellant, we hold that the court ascertained that the pleas of guilty were voluntary.

The dissent would reverse these convictions because the admonishment does not recite that part of Article 26.13, Section (a)(2), V.A.C.C.P., which reads as follows:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

" * * *

"(2) the fact that the recommendation of the prosecuting attorney as

to punishment is not binding on the court. . . ."

In the present case the prosecutor recommended the punishment actually assessed by the court. There is no showing that a plea bargain existed. If there had been a plea bargain, no error would be shown because Article 26.13, Section (c), as amended Acts 1975, 64th Leg., p. 909, ch. 341, then in effect, provided as follows:

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

A substantial compliance with the statute has been shown. There has been no showing appellant has been harmed or misled in any way.

No error has been shown. The judgments are affirmed.

ONION, P. J., concurs on the ground that there was no plea bargain.

PHILLIPS, Judge, dissenting.

The majority affirms appellant's conviction, notwithstanding the glaring omission of the trial court in its utter failure to admonish appellant as mandated by Article 26.13, V.A.C.C.P.[1] Without explaining how it was accomplished, the majority concludes that substantial compliance "has been shown." We have searched the trial court's colloquy with appellant and find absolutely no reference by the trial court to its discretion to punish appellant *without regard to any recommendation* the prosecutor may put forth. The trial court's admonishment is set forth here for posterity.

"THE COURT: . . . Now, are you pleading guilty to each of these counts because you are guilty and are you satisfied in each count that you are guilty of those offenses?

"DEFENDANT: Yes sir.

"THE COURT: No one has persuaded you to enter these pleas because of any persuasion of fear, promises, threats, delusive hope of pardon, or because you think you will get off lighter or anything of that nature?

"DEFENDANT: No sir.

"THE COURT: Do you understand that the offense of Aggravated Robbery charged in each of these counts is punishable by confinement in the Texas Department of Corrections for any term of years, not less than five (5) nor more than ninety-nine (99) or by confinement for life?

"DEFENDANT: Yes sir.

"THE COURT: Have you ever been treated psychiatrically or been a patient in a mental hospital for a mental illness?

"DEFENDANT: No sir.

"THE COURT: You have filed in each of these counts a stipulation of evidence and a waiver of trial by jury, do you understand that by doing this you are giving up two (2) constitutional rights, first, the right to be confronted by the witnesses against you and for them to be cross examined by your attorney; and secondly, the right to participate in the selection of twelve (12) citizens to try you and for you to place the State upon their proof in their case against you; do you understand that?

1. Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. See *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Gainous v. State,* Tex.Cr.App., 436 S.W.2d 137; *Currie v. State,* Tex.Cr.App., 516 S.W.2d 684. A careful review of the record, however, presents one question we will consider in the interest of justice. Arti-

cle 40.09(13), V.A.C.C.P. Specifically, we address ourselves to the question of whether the appellant was properly admonished of the consequences of his plea pursuant to Article 26.13, V.A.C.C.P. Appellant entered his plea on May 20, 1976, prior to the amendment of Article 26.13. Such article was amended by Acts 1977, 65th Leg., Ch. 280, P. 784, Sec. 1, effective August 29, 1977.

"DEFENDANT: Yes sir.

"THE COURT: And that is what you wish to do?

"DEFENDANT: Yes sir.

"THE COURT: Are you satisfied counsel that this Defendant understands what he is doing and appreciates the nature of these proceedings?

"MR. SANDERS [appellant's attorney]: Yes, I am, Your Honor.

"THE COURT: All right, I will accept your pleas."

The record reflects that the prosecutor recommended the punishment be assessed at 15 years and 1 day, which recommendation was followed.

Article 26.13, V.A.C.C.P., provides, in part:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of: . . (2) the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the court."

It is well established that compliance with this statute is mandatory. *Loudd v. State,* Tex.Cr.App., 474 S.W.2d 200; *Vasquez v. State,* Tex.Cr.App., 477 S.W.2d 629; *Ex parte Jordon,* Tex.Cr.App., 490 S.W.2d 585. If the trial court fails to admonish the defendant as to the applicable range of punishment, such error is reversible even though the punishment assessed was within the proper range prescribed by law. *Walker v. State,* Tex.Cr.App., 524 S.W.2d 712; *Martinez v. State,* Tex.Cr.App., 494 S.W.2d 545; *Loudd v. State,* supra. Similarly, if the trial court fails to admonish the defendant that the court is not bound to follow the State's recommendation on punishment, such error is also reversible even though that recommendation is later followed.

The reasoning for such a result is obvious. Admonishments are required in order to insure that a defendant is entering his plea of guilty voluntarily. As noted by the United States Supreme Court in *Kercheval*

*v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927):

"A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences."

And, as stated in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969):

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence."

These cases recognize the importance of insuring that a defendant does not enter a plea of guilty without a full understanding of the charges against him and the possible consequences of his plea. See *Machibroda v. U. S.,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *Brady v. U. S.,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); see generally 21 Am.Jur.2d, Criminal Law, Sec. 485. In this regard, the defendant's plea cannot be entered "voluntarily" absent knowledge that any promise or plea bargain extended by the State is not binding on the trial court. Failure to admonish a defendant of this possible "consequence" deprives his plea of the character of a voluntary act.

Article 26.13, V.A.C.C.P., requires the trial court to either give the exact admonishment set out in the statute *or* some admonishment which conveys the same information. The fact that whatever recommendation is made is accepted by the trial court

does not cure the initial information gap created by the trial court's total omission. Neither does it constitute "substantial" or any degree of compliance. I must therefore dissent from the majority's austere reasoning and disposition.

ROBERTS, J., joins in this dissent.