**Vermon KELLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 58008.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 8, 1978.

Joe A. Garza, Corpus Christi, court appointed, for appellant.

OPINION ON REHEARING

ONION, Presiding Judge.

Our prior panel opinion is withdrawn and this en banc opinion is substituted in lieu thereof.[1]

This is an appeal from a conviction for possession of heroin. On June 28, 1977 appellant entered a nolo contendere plea before the court, waiving trial by jury, and his punishment was assessed at seven (7) years' confinement in the Department of Corrections.

Court-appointed counsel on appeal has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. A copy of such brief has been served upon the appellant and he has been advised of his right to file a pro se brief, to examine the record, etc. It would appear that there has been a compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Gainous v. State*, 436 S.W.2d 137 (Tex.Cr.App.1969); and *Currie v. State*, 516 S.W.2d 684 (Tex.Cr. App.1974).

Upon our examination of the record, however, we have found error which calls for reversal and which shall be considered as an unassigned ground of error. See Article 40.09, § 13, V.A.C.C.P.

An examination of the transcription of the court reporter's notes[2] reflects that the trial court failed to give any admonishment at all as required by Article 26.13, V.A.C. C.P. (Acts 1975, 64th Leg., p. 909, ch. 341, § 3)[3] in effect at the time of the nolo

1. After the panel opinion (Panel No. 3, First Quarter, 1978) was handed down, the cause was set for rehearing en banc by four judges of this court in accordance with the rules of this court.

2. The certificate of the court reporter found in the record approved by the trial judge states, ".   .   . the above and foregoing contains a true and correct transcription of all the proceedings in the above styled and numbered cause, all of which occurred in open court or in chambers and were reported by me." It would thus appear that a full record of the proceedings is before this court.

3. Such statute provides:
    "Article 26.13. Plea of Guilty.
    "(a) Prior to accepting a plea of guilty *or a plea of nolo contendere*, the court shall admonish the defendant of:
    "(1) the range of punishment attached to the offense; and
    "(2) the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the court.
    "(b) No plea of guilty or *plea of nolo contendere* shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

contendere plea. The record shows that the court called the case, determined that the appellant desired to waive the reading of the indictment, to enter a nolo contendere plea and to waive trial by jury. Thereafter, the Rule was invoked and the court commenced to hear testimony. Thus, there is no showing that the appellant was advised of the range of punishment nor was it determined that the plea was freely and voluntarily made, etc., as required by Article 26.13, supra.

Under these circumstances, we are not faced with a question of whether there has been a substantial compliance with Article 26.13, supra, but with a situation of no compliance.

The judgment is reversed and remanded.

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." (Emphasis supplied.)