Gilbert Cipriano CARRILLO, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 60048, 60049.

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 29, 1978.

Ernest W. Kuehne, Jr., Dallas, for appellant.

Henry M. Wade, Dist. Atty., Fred C. McDaniel and Sue Lagarde, Asst. Dist. Attys., Dallas, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

4. See also *Vanderpool v. State,* 155 Tex.Cr.R. 318, 234 S.W.2d 879 (1950); *Broadway v. State,* 418 S.W.2d 679 (1967).

## OPINION

ONION, Presiding Judge.

On June 2, 1978, appellant waived his right to trial by jury and entered pleas of guilty to two separate indictments, each of which charged him with burglary of a vehicle. Punishment in each case was assessed at imprisonment for three years.

Retained counsel has filed a brief in which he has concluded that the appeals are wholly frivolous. Upon our examination of the records, however, we have found error which calls for reversal and which shall be considered as unassigned error in the interest of justice under Article 40.09(13), Vernon's Ann.C.C.P.

The certificate of the court reporter found in the records approved by the trial judge states, " . . . the above and foregoing pages . . . constitute a full, true, accurate and complete transcript of the Statement of Facts, of all proceedings had in" the instant causes. An examination of the transcription reveals that the trial court totally failed to give any admonishment as required by Article 26.13, Vernon's Ann.C.C.P. See Acts 1977, 65th Leg., p. 748, ch. 280, sec. 1, effective August 29, 1977, and in effect at the time appellant's guilty pleas were taken. Although dealing with Article 26.13, supra (Acts 1975, 64th Leg., p. 909, ch. 341, sec. 3, effective June 19, 1975), prior to the 1977 amendment of that statute, the case of *Kelley v. State,* 573 S.W.2d 28 (Tex.Cr.App., 1978 on rehearing), controls the disposition of the instant cases.

In the instant cases there is no showing that appellant was advised of the range of punishment attached to the offense of burglary of a vehicle, nor was it determined that the pleas were freely and voluntarily made, etc., as required by Article 26.13, supra. Under these circumstances, we are not faced with a question of whether there was substantial compliance with that statute, but with a situation of no compliance.

The judgments are reversed and the causes are remanded.