16, 36.17 and 36.18 has been disregarded, *the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial.* . . ." (Emphasis supplied.)

Accordingly, we cannot conclude that the court's failure to instruct the jury pursuant to Article 38.07, supra, in absence of appellant's trial objection or request for instruction, constitutes reversible error. Therefore, this contention is overruled.

Appellant's second and final contention is that the State failed to prove the requisite culpable mental state, i. e., that he acted with the "intent to arouse or gratify the sexual desire of any person . . . ." We find no merit in this contention. In most cases, evidence of a culpable mental state is provable only by circumstantial evidence. The record before us shows that appellant's assault upon the complainant was both intentional and voluntary. See V.T.C.A., Penal Code, Section 6.01(a). Thus, the evidence amply supports a finding that appellant acted with the requisite intent. See *Torme v. State,* 525 S.W.2d 9, 10 (Tex.Cr.App.1975). Appellant's second contention is overruled.

The judgment is affirmed.

Kenneth W. Boyd, Cleburne, for appellant.

John R. MacLean, Dist. Atty. and Wayne Bridewell, Asst. Dist. Atty., Cleburne, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

**Joe Alton FULLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56112.**

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 14, 1979.

OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for driving while intoxicated, second offense, on appellant's plea of guilty before the jury. The punishment was assessed by the jury at one year imprisonment.

Appellant's single ground of error contends that fundamental error was committed by the trial court when it failed to admonish the appellant on the range of punishment attached to the offense before accepting his guilty plea.

Appellant went to trial before the jury on a plea of not guilty and after the State rested its case sought to change his plea to guilty. The trial court questioned the appellant, but clearly failed to admonish him as to the range of punishment attached to this offense. The jury returned a verdict of guilty as instructed to do so by the court's charge. After hearing the State's case on

punishment, the jury assessed the penalty at one year imprisonment.

Article 26.13(a)(1), V.A.C.C.P., provided at the time of appellant's plea as follows:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of punishment attached to the offense; . . .

This total failure to admonish the appellant as to the range of punishment attached to the offense to which he pled guilty constitutes reversible error under the authority of *McDade v. State*, Tex.Cr.App., 562 S.W.2d 487 (per Douglas, J.), and *Murray v. State*, Tex.Cr.App., 561 S.W.2d 821.

The judgment of conviction is reversed and remanded.

**Warren WELLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56210.**

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 14, 1979.

Elmo R. Willard, III, Beaumont, for appellant.