Andrew Odie **STEWART**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 60829.

Court of Criminal Appeals of Texas, Panel No. 2.

May 9, 1979.

Allen C. Isbell, Houston, court appointed on appeal, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and R. P. Cornelius, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery. Trial was before the jury upon a plea of guilty. Punishment was assessed at twenty years.

At the outset, appellant contends that the trial court erred in failing to admonish appellant as to the range of punishment before the plea of guilty was accepted.

The record reflects that the court out of the presence of the jury made inquiry of appellant if he were pleading guilty because he was guilty, if anyone had promised him anything to induce a plea of guilty, if he had been promised he would "get out lightly or get a pardon . . .," if the plea had been made "out of any reason of fear

or by any type of persuasion whatsoever," but did not admonish appellant as to the range of punishment for the offense.

Article 26.13(a)(1), V.A.C.C.P. (effective August 29, 1977),[1] provides in pertinent part:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

"(1) the range of punishment attached to the offense; and . . . .."

■ The failure to admonish a defendant as to the range of punishment constitutes reversible error. *Fuller v. State,* Tex.Cr. App., 576 S.W.2d 856; *McDade v. State,* Tex.Cr.App., 562 S.W.2d 487; see *Carrillo v. State,* Tex.Cr.App., 576 S.W.2d 824.

■ The State points to the fact that the court charged the jury on the range of punishment and that there is nothing in the record to suggest that appellant was not present when the court read its charge to the jury. Under these circumstances, the State argues no reversible error is shown under our holding in *Palacios v. State,* Tex. Cr.App., 556 S.W.2d 349. In *Palacios,* the defendant was fully admonished in accordance with Art. 26.13, supra, after the evidence was in but prior to the charge being read to the jury. This Court concluded that while the admonishment should have been made prior to accepting the plea of guilty, no reversible error was shown. *Palacios* is distinguishable from the instant case. The fact that the range of punishment is included in the court's charge cannot be held to substitute for the requirement under Art. 26.13, supra, that a defendant be admonished as to the range of punishment attached to the offense.

The judgment is reversed and the cause remanded.

---

1. Trial was on May 23, 1978.