Bertwell Elber WHITTEN, III,
Appellant,

v.

The STATE of Texas, Appellee.

No. 60989.

Court of Criminal Appeals of Texas,
Panel No. 3.

June 20, 1979.

Rehearing Denied Oct. 17, 1979.

Scott E. Segall, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Leo B. Garcia, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary, and punishment, enhanced by proof of one prior conviction, was assessed by a jury at twenty years.

Appellant was charged in a multi-count indictment with three burglaries. After the jury was selected the prosecutor read the three charges of burglary in sequence, and after each of the first two appellant announced his plea of not guilty. After the third charge of burglary was read, appellant announced he was pleading guilty. This apparently took the court by surprise. The jury was removed so that appellant could be admonished pursuant to Article 26.13, V.A.C.C.P. before his guilty plea was accepted by the court. In admonishing appellant there was a complete failure to inform him of the punishment range affixed to the offense. Appellant complains of this fact in his first ground of error.

■ The State argues that appellant was adequately informed of the punishment range because he was present during the jury selection process, at which the *prosecutor* informed the *prospective jurors* of the applicable punishment range. That was not sufficient to satisfy the requirements of the Code of Criminal Procedure. In *Murray v.*

*State*, Tex.Cr.App., 561 S.W.2d 821, the Court held:

> "The statute provides that it is *the trial court* which must admonish the accused of the range of punishment attached to the offense. The statute is mandatory: It does not allow the defense attorney, or the prosecutor, or the clerk of the court, or anyone but the judge himself, to admonish the accused of the range of punishment."

This case is controlled by *Murray v. State*, supra, and *Walker v. State*, Tex.Cr. App., 524 S.W.2d 712.

The judgment is reversed and the cause remanded.

Before the Court en banc.

## OPINION ON MOTION FOR REHEARING

DALLY, Judge.

■ On motion for rehearing the State contends that our prior cases in this troubled area of law are inconsistent and in conflict with the holding of the panel in this case. See *Wilson v. State*, 456 S.W.2d 941 (Tex.Cr.App.1970); compare *Murray v. State*, 561 S.W.2d 821 (Tex.Cr.App.1977) and *Toombs v. State*, 514 S.W.2d 259 (Tex. Cr.App.1974) with *Williams v. State*, 522 S.W.2d 483 (Tex.Cr.App.1975). The State further urges that the question presented here was left open by this Court in *Walker v. State*, 524 S.W.2d 712 (Tex.Cr.App.1975), and they ask us to find substantial compliance in this case with the admonishment requirements of Art. 26.13. See Art. 26.-13(c), V.A.C.C.P. We conclude that the decision of the panel was correct.

The Code of Criminal Procedure requires that:

> "(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
>
> "(1) the range of punishment attached to the offense . . ."

Art. 26.13(a)(1), V.A.C.C.P. If the record does not affirmatively show an admonishment as to the range of punishment, the guilty plea is invalid. *McDade v. State*, 562

S.W.2d 487 (Tex.Cr.App.1978); *Walker v. State*, 524 S.W.2d 712 (Tex.Cr.App.1975). Such an omission is fundamental error. *Fuller v. State*, 576 S.W.2d 856 (Tex.Cr.App. 1979); see also *Carrillo v. State*, 576 S.W.2d 824 (Tex.Cr.App.1978); *Kelley v. State*, 573 S.W.2d 28 (Tex.Cr.App.1978).[1]

The purpose of this admonishment is to insure that the defendant entered his plea with full knowledge of its consequences. An affirmative showing of such knowledge is constitutionally required as well. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It is undisputed that the trial court did not admonish appellant about the range of punishment attached to his offense. The State points out, however, that the prosecutor explained this punishment range to the jury during voir dire in appellant's presence and claims that this explanation substantially complied with the statute, effectively protecting appellant's rights.

Art. 26.13(c), V.A.C.C.P. provides that:

"In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of the plea and that he was misled or harmed by the admonishment of the court."

We observe at the outset that an affirmative showing of prejudice by appellant is unnecessary if there has been no substantial compliance with the statute; therefore the question of substantial compliance, not harmless error, is the primary focus of our analysis.

This Court has recognized two situations where deficient admonishments are considered to be in substantial compliance with the statute. The first situation is where an admonishment was not given but

the admonishment was immaterial to the plea in that case, such as where the trial court failed to admonish on the non-binding character of prosecutorial recommendations and no prosecutorial recommendation had been made. See, e. g., *Jamail v. State*, 574 S.W.2d 137 (Tex.Cr.App.1978); *Kidd v. State*, 563 S.W.2d 939 (Tex.Cr.App.1978); *Bouie v. State*, 565 S.W.2d 543, 553 (Tex.Cr. App.1978) (Onion, P. J., concurring). However, where the admonishment is relevant to the voluntariness of the plea, as is true here with the admonishment on the range of punishment, substantial compliance cannot be satisfied merely because *other* required admonishments were provided. *Walker v. State*, 524 S.W.2d 712 (Tex.Cr. App.1975).

Substantial compliance will also be found where a required admonishment is given, but is given in a different form than that prescribed by the statute yet which effectively satisfied the statutory requirements. See *Richards v. State*, 562 S.W.2d 456 (Tex.Cr.App.1978); *Pinson v. State*, 530 S.W.2d 946 (Tex.Cr.App.1975) (form of trial court's inquiry to defendant on voluntariness); *Teamer v. State*, 557 S.W.2d 110 (Tex.Cr.App.1977); *Tellez v. State*, 522 S.W.2d 500 (Tex.Cr.App.1975) (incorrect description of punishment range deemed harmless). The ambiguity of substantial compliance in this area, specifically related to the facts of this case, was the problem left open by *Walker v. State*, supra. See *Walker v. State*, 524 S.W.2d at 717–18 (Onion, P. J., concurring). Nevertheless, there are two essential elements in these tolerated admonishments that are present in every case. First, the trial court gives the admonishment and, second, it is given directly to the defendant.

In Art. 26.13, the legislature mandated that the trial court be responsible for giving the admonishment. *Murray v. State*, 561

---

1. *Fuller* implicitly overruled *Ex parte Taylor*, 522 S.W.2d 479 (Tex.Cr.App.1975), a case decided under the previous Art. 26.13. *Williams v. State*, 522 S.W.2d 488 (Tex.Cr.App.1975) and *Guster v. State*, 522 S.W.2d 494 (Tex.Cr.App. 1975), despite their apparent reliance on *Taylor*, remain valid because, unlike *Taylor*, the trial courts in *Williams* and *Guster* substantially complied with the statutory admonishment requirements. See *Williams v. State*, 522 S.W.2d at 489 (Douglas, J., concurring); *Guster v. State*, 522 S.W.2d at 495 (Douglas, J., concurring).

S.W.2d 821 (Tex.Cr.App.1977). We do not agree with the State's view, expressed in their brief, that this is a mere "technicality." The trial court, not the prosecutor, must satisfy itself as to the propriety of guilty pleas and defendants should properly look to the trial court, not the prosecutor, for admonishments on the law. In *Murray*, the defendant signed an affidavit containing the punishment range but did so before a deputy district clerk. The *Murray* court emphasized that, under the present statute, no one but the trial judge could admonish the accused. *Murray* did not resurrect *Toombs v. State*, 514 S.W.2d 259 (Tex.Cr.App.1974), overruled in *Williams v. State*, 522 S.W.2d 483 (Tex.Cr.App.1975), because it did not preclude the *trial court* from using a written instrument to perform the admonishment. See *Williams v. State*, 522 S.W.2d at 486 (Onion, P. J., concurring). The necessary participation of the trial court is a consistent requirement.

The defendant must also be the object of the admonishment. To comply with both Texas law and federal due process, the defendant must hear and understand the admonishments. For a question of such significance, we refuse to create a presumption that defendants listen to, acknowledge, and understand what a prosecutor, or even the court, chooses to say to the *jury*. In *Palacios v. State*, 556 S.W.2d 349 (Tex.Cr.App.1977), the trial judge admonished the defendant *after* entry of his guilty plea, just before the jury retired to consider punishment. This court found substantial compliance because the admonishments were correctly given and defense counsel did not object to the belated nature of the admonishments. In *Stewart v. State*, 580 S.W.2d 594 (Tex.Cr.App.1979), the trial court did not admonish the defendant on the range of punishment but did announce the range of punishment in defendant's presence during the charge to the jury. We refused to follow *Palacios*, stating:

> "The fact that the range of punishment is included with the court's charge cannot be held to substitute for the requirement under Art. 26.13, supra, that a defendant be admonished as to the range of punishment attached to the offense."

580 S.W.2d at 595. The key distinction between *Palacios* and *Stewart* is that admonishments under Art. 26.13 are properly directed to the defendant, not to the jury. Since *Wilson v. State*, 456 S.W.2d 941 (Tex.Cr.App.1970), decided under the previous Art. 26.13, cannot be reconciled with this view, it is overruled.

 In this case, the trial court did not participate in the admonishment and the admonishment was not directed to the defendant. There was consequently no substantial compliance with the provisions of Art. 26.13. We also note that the record contains no affirmative indication that appellant understood or even heard the prosecutor's voir dire explanation, so that this result is also mandated by requirements of due process. See *Walker v. State*, 524 S.W.2d at 718 n. 2 (Onion, P. J., concurring), and authorities cited therein.

The State's motion for rehearing is overruled.