

# THE ATTORNEY GENERAL
## OF TEXAS

November 15, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable David T. Garcia          Opinion No.  JM-980
Brooks County Attorney
P. O. Box 557                      Re:  Whether a court may satis-
Falfurrias, Texas  78355           fy the "admonishment" require-
                                   ments of article  26.13 of  the
                                   Code of  Criminal Procedure  by
                                   showing the  defendant a  video
                                   tape  (RQ-1554)

Dear Mr. Garcia:

You ask whether  a court may  satisfy the  admonishment requirements of  article  26.13  of  the  Code  of  Criminal Procedure before accepting a plea  of guilty by showing  the defendant a video tape presentation of the judge giving  the admonitions.

Article 26.13 provides:

> (a)  Prior to accepting  a plea of  guilty or a plea of nolo contendere,  the court shall admonish the defendant of:
>
> (1)  the range of the punishment  attached to the offense;
>
> (2)  the fact that  the recommendation  of the prosecuting attorney as to punishment  is not binding on the court.  Provided that  the court shall inquire  as to  the existence  of any plea  bargaining agreements  between  the state and  the defendant  and, in  the  event that such  an  agreement  exists,  the  court shall inform  the defendant  whether it  will follow or reject such agreement in open court and before any finding  on the plea.  Should the court  reject  any  such  agreement,  the defendant shall be permitted to withdraw  his plea of guilty or nolo contendere;

(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial; and

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

(d) The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally. (Emphasis added.)

Prior to the amendment that resulted in the addition of subsection (d), the statute was explicit in requiring "the court shall admonish the defendant." House Bill 95 added subsection (d) of article 26.13, effective August 31, 1987,

providing that the court may make the admonitions orally  or in writing.  Acts 1987, 70th Leg., ch. 443, at 2021.

In the video tape scenario you have submitted you state "that the court would require the defendant and his attorney to sign a  written statement that  the defendant  understood the admonitions  and is  aware of  the consequences  of  his pleas."

In Boykin v. Alabama,  the United States Supreme  Court held, "It was error,  plain on the face  of the record,  for the trial judge to  accept petitioner's guilty plea  without an affirmative showing  that it was  intelligent and  voluntary."   395  U.S.  238,  242.   The  court  emphasized  the importance of this stage of  the plea of guilty  proceeding. In Boykin, the court stated:

> A plea of guilty is more than a confession which admits  that  the accused  did  various acts; it  is  itself  a  conviction;  nothing remains but  to give  judgment and  determine punishment.  See Kercheval v. United  States, 274 U.S.  220, 223,  47  S.Ct. 582,  583,  71 L.Ed. 1009.  Admissibility of  a  confession must be based on a 'reliable determination on the voluntariness issue  which satisfies  the constitutional  rights  of  the  defendant.' Jackson v. Denno, 378 U.S. 368, 387, 84 S.Ct. 1774, 1786, 12 L.Ed.2d 908.  The  requirement that the prosecution spread on the record the prerequisites  of  a  valid  waiver  is  no constitutional  innovation.   In  Carnley  v. Cochran, 369  U.S. 506,  516, 82  S.Ct.  884, 890, 8 L.Ed.2d 70, we dealt with a problem of waiver of  the  right  to  counsel,  a  Sixth Amendment right.  We held:  'Presuming waiver from a silent  record is impermissible.  The record must show, or there must be an allegation and evidence which show, that an accused was  offered  counsel  but  intelligently  and understandingly rejected the offer.  Anything less is not waiver.'
>
> We think that  the same  standard must  be applied to determining whether a guilty  plea is voluntarily made.  For, as we have said, a plea of guilty is  more than an admission  of conduct;  it  is  a  conviction.   Ignorance,

> incomprehension, coercion, terror, induce-
> ments, subtle or blatant threats might be a
> perfect cover-up of unconstitutionality. The
> question of an effective waiver of a federal
> constitutional right in a proceeding is of
> course governed by federal standards.
> Douglas v. Alabama, 380 U.S. 415, 422, 85
> S.Ct. 1074, 1078, 13 L.Ed.2d 934.
>
> _Several federal constitutional rights are
> involved in a waiver that takes place when a
> plea of guilty is entered in a state criminal
> trial._ First, is the privilege against
> compulsory self-incrimination guaranteed by
> the Fifth Amendment and applicable to the
> States by reason of the Fourteenth. Malloy
> v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12
> L.Ed.2d 653. Second, is the right to trial
> by jury. Duncan v. Louisiana, 391 U.S. 145,
> 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the
> right to confront one's accusers. Pointer v.
> Texas, 380 U.S. 400, 85 S.Ct. 1065, 13
> L.Ed.2d 923. We cannot presume a waiver of
> these three important federal rights from a
> silent record.
>
> _What is at stake for an accused facing
> death or imprisonment demands the utmost
> solicitude of which courts are capable in
> canvassing the matter with the accused to
> make sure he has a full understanding of what
> the plea connotes and of its consequence.
> When the judge discharges that function, he
> leaves a record adequate for any review that
> may be later sought_ (Garner v. Louisiana, 368
> U.S. 157, 173, 82 S.Ct. 248, 256, 7 L.Ed.2d
> 207; Specht v. Patterson, 386 U.S. 605, 610,
> 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326), _and
> forestalls the spin-off of collateral pro-
> ceedings that seek to probe murky memories_.
> (Emphasis added.)

Boykin, 395 U.S. 238, 242-44.

The "substantial compliance" provision of subsection
(c), of article 26.13 has been applied to the sufficiency of
the language used rather than the method of giving the
admonitions. Whitten v. State, 587 S.W.2d 156 (Tex. Crim.

App. 1979).  In <u>Whitten</u>, the state urged that the defendant had heard the prosecutor give a portion of the admonitions that had been omitted by the judge.  On rehearing, the court cited <u>Boykin</u> and concluded that the statute then in force and due process mandated the judge's participation.  587 S.W.2d 156, 158-59.

The importance of the court's actual participation in the admonitions is reflected in <u>Lucero v. State</u>, 502 S.W.2d 750 (Tex. Crim. App. 1973).  In <u>Lucero</u> four cases were tried together before the court upon pleas of guilty.  On appeal it was urged that the court had failed to determine the mental competence of the appellant in each case.  In rejecting the appellant's contention, the court stated:

> In the instant cases <u>the court</u> once inquired of appellant's counsel as to appellant's sanity, <u>was able to observe him in open court, to hear him speak and to note his demeanor, and to engage in a colloquy with him regarding the voluntariness of his pleas</u>.  At no time was the issue of appellant's sanity ever raised.  In light of the circumstances of these particular cases, the pleas being taken together, we cannot conclude the court failed to satisfy the requirements of Article 26.13, Vernon's Ann.C.C.P. . . .  (Emphasis added.)

<u>Lucero</u>, 502 S.W.2d 750, 753.

While the foregoing cases predated the 1987 amendment, they reflect the importance the courts have placed on the judge's participation in determining that the defendant has a full understanding of what the plea connotes and of its consequences.

Without addressing the validity of the 1987 amendment, we conclude that the video tape showing of the judge giving the admonitions is not the functional equivalent of the written procedure allowed by subsection (d).  The written admonitions allow time for study and reflection and an opportunity for the defendant to identify for his lawyer and the judge any words or phrases he does not understand.  Further, the Court of Criminal Appeals has demonstrated a reluctance to approve any method of giving the admonitions not authorized by article 26.13.  The utilization of the

video presentations  does not  satisfy the  requirements  of article 26.13.

### S U M M A R Y

A court may not satisfy the requirements of article  26.13  of the  Code  of  Criminal Procedure before accepting  a plea of  guilty or nolo contendere by showing the defendant a video tape presentation  of the judge  giving the admonitions.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General