In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00201-CR


______________________________




CARL JAMES THOMPSON, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 27484-A




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Carl James Thompson, Jr. was charged by indictment with sixteen counts of
aggravated sexual assault arising out of a single criminal episode. The sixteen separate
offenses involved three different victims, each under the age of fourteen years. Thompson
entered a plea of guilty before the court to each of the sixteen counts without a plea
agreement. The trial court accepted the pleas of guilty, finding they were entered freely
and voluntarily, and after hearing evidence, assessed punishment on each of the sixteen
counts at life imprisonment. The sentences were ordered to run concurrently. Thompson
filed a motion for new trial which was overruled, and he now appeals to this Court.

 Thompson asserts two points of error. First, he contends his guilty pleas were not
taken in compliance with Article 26.13 of the Texas Code of Criminal Procedure. Second,
he contends the trial court erred in allowing testimony concerning a remote extraneous
offense.

 Before accepting Thompson's pleas of guilty, the trial court admonished him
pursuant to Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 2001),
questioning him regarding his understanding of the consequences of his pleas. During the
court's admonishment pursuant to subsection (a)(5) of this statute, regarding the
registration requirements of sex offenders, the trial court asked Thompson if he understood
he would be required to meet any registration requirements of Chapter 62 of the Code of
Criminal Procedure (1) as they relate to the registration of a sex offender. Tex. Code Crim.
Proc. Ann. art. 26.13(a) (Vernon Supp. 2001). Thompson responded in the affirmative. 

 Under Article 26.13(h), the trial court is also required to "ascertain whether the
attorney representing the defendant has advised the defendant regarding registration
requirements under Chapter 62." Tex. Code Crim. Proc. Ann. art. 26.13(h) (Vernon Supp.
2001). Though the trial court complied with subsection (a)(5) of Article 26.13, it did not
comply with subsection (h). 

 Article 26.13 specifically lists the admonishments the trial court is required to give
the defendant before accepting a plea of guilty or a plea of nolo contendere. Compliance
with the statute requires that admonishments be directed to the defendant and that the
admonishments be made by the trial judge. Whitten v. State, 587 S.W.2d 156, 157-58
(Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g), overruled on other grounds, Cain v.
State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). Though the admonishments are
mandatory, failure to comply with Article 26.13 is nonconstitutional error. Aguirre-Mata v.
State, 992 S.W.2d 495, 499 (Tex. Crim. App. 1999). The Texas Court of Criminal Appeals
has repeatedly said, "The purpose and function of Article 26.13 are to ensure that only a
constitutionally valid plea is entered and accepted by the trial court." Ex parte Morrow, 952
S.W.2d 530, 534 (Tex. Crim. App. 1997) (citing Meyers v. State, 623 S.W.2d 397, 402
(Tex. Crim. App. [Panel Op.] 1981)); see also Ex parte Evans, 690 S.W.2d 274, 276 (Tex.
Crim. App. 1985).

 In 1999, the Legislature amended Article 26.13(a) to include an admonishment
regarding sex offender registration, which became effective as amended on September 1,
1999. See Act of May 29, 1999, 76th Leg., R.S., ch. 1415, § 1(a), 1999 Tex. Gen. Laws
4831, 4831-32. At the same time, the Legislature also added Article 26.13(h), requiring
the court to "ascertain whether the attorney representing the defendant has advised the
defendant regarding registration requirements under Chapter 62." See Act of May 29,
1999, 76th Leg., R.S., ch. 1415, § 1(h), 1999 Tex. Gen. Laws 4831, 4832. Because
Thompson was tried in 2000, subsection (h) applies.

 Although the provisions of Article 26.13 are mandatory, the statute allows by its own
provisions for substantial compliance unless the accused shows that he entered his guilty
plea without understanding the consequences of his action and that he suffered harm. 
Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon 1989); Smith v. State, 857 S.W.2d 71,
73-74 (Tex. App.-Dallas 1993, pet. ref'd); Williams v. State, 770 S.W.2d 81, 82 (Tex.
App.-Dallas 1989, no pet.).

 Until 1997, the law regarding failure to give admonishments was relatively unsettled. 
In Whitten, 587 S.W.2d 156, the Texas Court of Criminal Appeals held that where a
particular admonishment under the statute was not given, but that admonishment was
immaterial to the plea, the trial court was still in substantial compliance with the statute. 
But a total failure of the trial court to admonish the defendant concerning the range of
punishment constituted reversible error, without regard to whether the defendant was
harmed. Id. at 157-58 (op. on reh'g); see also Ex parte McAtee, 599 S.W.2d 335, 335
(Tex. Crim. App. 1980).

 Using this method, Texas courts focused their analyses on Article 26.13(c), which
states that substantial compliance with the admonishment requirements is sufficient
"unless the defendant affirmatively shows that he was not aware of the consequences of
his plea and that he was misled or harmed by the admonishment of the court." Tex. Code
Crim. Proc. Ann. art. 26.13(c). But in 1994, the Texas Court of Criminal Appeals rejected
the Whitten approach of finding substantial compliance where there was in fact no
compliance with a particular admonishment. Morales v. State, 872 S.W.2d 753, 755 (Tex.
Crim. App. 1994) (holding total failure of trial court to admonish defendant that plea of
guilty could result in deportation was reversible error, without showing of harm). In
Morales, the record was silent on whether the defendant was a United States citizen. As
such, the deportation consequences of a guilty plea could have been material to the
defendant's plea.

 After Morales, several intermediate appellate courts applied the "substantial
compliance through immateriality" analysis to distinguish Morales from cases where the
record affirmatively established that the defendant was a United States citizen. Durst v.
State, 900 S.W.2d 134, 139-40 (Tex. App.-Beaumont 1995, pet. ref'd) (holding deportation
admonishment immaterial to defendant's guilty plea when record clearly shows defendant
is United States citizen); Dixon v. State, 891 S.W.2d 783, 783-84 (Tex. App.-Austin 1995,
no pet.) (analyzing Morales as teaching reversal is required when trial court fails to
admonish defendant about deportation consequences only if defendant is not United
States citizen or defendant's citizenship is unknown); Dominguez v. State, 889 S.W.2d 13,
15-16 (Tex. App.-El Paso 1994, no pet.) (holding when defendant is United States citizen,
trial court substantially complies with Article 26.13 despite its failure to admonish on
deportation consequences of plea). These courts reasoned that the trial court had
substantially complied with Article 26.13(a), despite the trial court's failure to admonish the
defendant on the deportation consequences of his plea, because as a United States citizen
the defendant was not subject to deportation, and thus, the admonishment would not have
affected the voluntariness of the plea. Durst, 900 S.W.2d at 139-40; Dixon, 891 S.W.2d
at 784; Dominguez, 889 S.W.2d at 16.

 In 1997, the Texas Court of Criminal Appeals rejected the "substantial compliance
through immateriality" analysis and held that a failure to admonish under Article 26.13(a)(4)
is subject to a harmless error analysis. Cain, 947 S.W.2d at 264. The following year, the 
Texas Court of Criminal Appeals spelled out and applied the harmless error analysis for
cases where the trial court fails to admonish a defendant under Article 26.13. Carranza
v. State, 980 S.W.2d 653 (Tex. Crim. App. 1998). Under Carranza, the trial court does not
substantially comply with Article 26.13(a) when it fails to admonish a defendant on one of
the statutorily required admonishments. Id. at 655-56 (holding trial court did not
substantially comply with Article 26.13(a)(4) when it failed to admonish defendant, either
orally or in writing, regarding deportation consequences of plea). The court further held
this error was nonconstitutional error, subject to a Rule 44.2(b) harmless error analysis. 
Id. at 656. The court struggled with defining an appropriate standard of review due to the
"substantial compliance" language implicit in Article 26.13(c). Id. at 657-58. But the court
determined that under Tex. R. App. P. 44.2(b), when there has been no substantial
compliance with the admonishment requirements of Article 26.13, a defendant is required
to show no more than his unawareness of the consequences of his plea and that he was
misled or harmed by the admonishment of the court. Id. at 658.

 But courts still consider whether those consequences are direct or collateral in
determining if the voluntariness of the plea was undermined by the failure to admonish. 
For example, the Texas Court of Criminal Appeals has considered whether the defendant
was made fully aware of the direct consequences of a guilty plea when determining the
voluntariness of the plea. State v. Jimenez, 987 S.W.2d 886, 888-89 (Tex. Crim. App.
1999) (applying Carranza to misdemeanor case and holding admonishment on deportation
consequences of guilty plea not constitutionally required). Generally, a guilty plea is
considered voluntary if the defendant was made fully aware of the direct consequences of
the plea. Id. at 888 (citing Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 25
L.Ed.2d 747 (1970)). A guilty plea will not be rendered involuntary by lack of knowledge
of some collateral consequence. Id. The deportation consequence of a guilty plea is
generally considered a collateral consequence. Id. at 888-89. Similarly, before Article
26.13(a) was amended to include an admonishment on sex offender registration, Texas
courts held that sex offender registration was only a collateral consequence of a plea of
guilty. Ruffin v. State, 3 S.W.3d 140, 144 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd)
(holding requirements to register as sex offender have no impact on range of punishment
and, therefore, not a direct consequence of plea of guilty to offense of sexual assault);
Guzman v. State, 993 S.W.2d 232, 236 (Tex. App.-San Antonio 1999, pet. ref'd), cert.
denied, 528 U.S. 1161, 120 S.Ct. 1174, 145 L.Ed.2d 1082 (2000) (holding failure to
admonish defendant on his statutory duty to register as sex offender did not invalidate
guilty plea); In re B.G.M., 929 S.W.2d 604, 606-07 (Tex. App.-Texarkana 1996, no writ)
(holding possibility of required sex offender registration not mandatory admonishment in
juvenile proceeding because registration requirements are remedial and collateral
consequence of plea). Although courts are now required to admonish defendants
regarding registration requirements, the registration does not impact a defendant's
sentence and is meant to be remedial, rather than punitive. Ducker v. State, 45 S.W.3d
791, 795 (Tex. App.-Dallas 2001, no pet.); Ruffin, 3 S.W.3d at 144; B.G.M., 929 S.W.2d
at 606-07.

 Applying Carranza and the concept of direct versus collateral consequence to the
facts of this case, we hold that the trial court's failure to ascertain whether Thompson's
counsel advised him of the registration requirements constitutes harmless error. The trial
court erred by failing to ascertain whether Thompson's counsel advised him of the
registration requirements. But Thompson has failed to show that he was unaware of the
consequences of his plea or that he was misled or harmed by the trial court's failure to
admonish him pursuant to subsection (h).

 The 1999 amendments to Article 26.13 help ensure the defendant makes a
knowledgeable plea and understands the consequences of pleading guilty to a sexual
offense. Subsection (a)(5) requires the trial judge to admonish the defendant of "the fact
that the defendant will be required to meet the registration requirements of Chapter 62,
if the defendant is convicted of or placed on deferred adjudication for an offense for which
a person is subject to registration under that chapter." Article 26.13(h) requires that
"[b]efore accepting a plea of guilty or nolo contendere from a defendant described by
Subsection (a)(5), the court shall ascertain whether the attorney representing the
defendant has advised the defendant regarding registration requirements under Chapter
62." Both of these amendments are aimed at making sure the defendant makes a
knowledgeable plea and understands the registration consequences of that plea. 
Admonishments under Article 26.13(a)(5) regarding registration are only collateral. Ducker,
45 S.W.3d at 795-96. There are no cases dealing with the failure to comply with Article
26.13(h), but there is no reason why the analyses of the cases applying to admonishments
pursuant to Article 26.13(a)(4) and (5) should not also apply to (h).

 The trial judge admonished Thompson as to the effect of his plea with regard to
registration under Chapter 62 as required under Article 26.13(a)(5), pointedly asking him
if he understood he would be required to meet any registration requirements of Chapter 62
of the Texas Code of Criminal Procedure as they relate to the registration of a sex
offender: "Do you understand that's part of this sentence?" To this Thompson answered,
"Yes, sir." The record is clear Thompson understood and knew he was subject to the
registration requirements. 

 The record further shows Thompson understood he would be found guilty and
sentenced accordingly if he pled guilty, and he fails to show he was unaware of the
consequences of his plea. There is no evidence he would not have pled guilty if the trial
court had ascertained whether his attorney had advised him about registration
requirements. The registration requirements did not affect the range of punishment. As
such, the sex offender registration requirements were collateral consequences of
Thompson's plea and did not affect the voluntariness of that plea. See Ruffin, 3 S.W.3d
at 144. The trial court's failure to comply with Article 26.13(h) of the Texas Code of
Criminal Procedure was harmless error.

 In his second point of error, Thompson contends the trial court erred in allowing
testimony concerning a remote extraneous offense. The State called fifteen-year-old K.D.
to testify regarding an alleged sexual assault against her by Thompson ten years earlier.

 To preserve an issue for appeal, a party must present a timely objection stating the
grounds for the ruling sought with sufficient specificity to make the trial court aware of the
complaint, unless the specific grounds were apparent from the context. Tex. R. App. P.
33.1(a)(1)(A). 

 The objection Thompson made at trial was:

 Your Honor, I object to this witness' testimony about this matter. At the time
the charges she's talking about were dismissed, she would have been five
years old at the time. For the record, I object to her testifying about matters
that far back in her recollection due to her young age at the time of the
alleged incident.


 Thompson's objection at trial was that K.D.'s age at the time of the alleged events,
and the ten intervening years, affect the reliability of her testimony. But Thompson's
second point on appeal is that "[t]he Trial Court erred in allowing testimony concerning a
remote extraneous offense." Thompson failed to object at trial that this was evidence of
an extraneous offense. Thompson objected that the events to which K.D. testified were
remote, not that the evidence was of an extraneous offense. A point of error on appeal
must correspond to the objection made at trial. Thomas v. State, 723 S.W.2d 696, 700
(Tex. Crim. App. 1986). Thompson failed to timely object and therefore has not preserved
the point raised in his brief.

 Even if the issue was preserved, the trial court properly admitted the testimony. 
Article 37.07, § 3(a) of the Texas Code of Criminal Procedure provides the following
concerning evidence after a finding of guilt: 

 [E]vidence may be offered by the state and the defendant as to any matter
the court deems relevant to sentencing, . . . notwithstanding Rules 404 and
405, Texas Rules of Criminal Evidence, any other evidence of an extraneous
crime or bad act that is shown beyond a reasonable doubt by evidence to
have been committed by the defendant or for which he could be held
criminally responsible, regardless of whether he has previously been charged
with or finally convicted of the crime or act.


Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2001). The events alleged
by K.D.'s testimony fit into Article 37.07, § 3(a) as extraneous crimes or bad acts. 
Thompson's argument is that the alleged events to which K.D. testified were too remote
in time and her age too young for the testimony to be credible. Article 37.07, § 3(a) places
no time limit on the testimony of extraneous crimes or bad acts. Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(a). The Texas Court of Criminal Appeals has held that testimony
regarding prior character is admissible if it is not so remote as to have no probative value
in indicating present character. Nethery v. State, 692 S.W.2d 686, 706 (Tex. Crim. App.
1985); Robles v. State, 830 S.W.2d 779, 784 (Tex. App.-Houston [1st Dist.] 1992, pet.
ref'd). However, this was not the basis on which Thompson objected, and even if he had
so objected, the question of remoteness rests in the sole discretion of the trial court. 
Nethery, 692 S.W.2d at 706; Davis v. State, 545 S.W.2d 147, 150 (Tex. Crim. App. 1976). 
Further, objections based on remoteness go to the weight, not the admissibility, of the
testimony. Nethery, 692 S.W.2d at 706.

 K.D.'s testimony is relevant, as the alleged extraneous crimes or bad acts are similar
to those to which Thompson pled guilty, and they tend to show prior and continual behavior
of the same nature. The ten-year time span does not make it so remote as to have no
probative value on present character, since it deals with the same types of activity.

 Thompson argues that the events in the testimony are too remote for K.D. to
describe, stating, "Her testimony thus lacked the indicia of reliability requisite for
admissibility." This goes to the weight of the testimony. See id. The credibility of the
witness is the province of the trial court. The trial court is the exclusive trier of fact and
judge of the credibility of the witness and the weight to be given the testimony. Corbin v.
State, 33 S.W.3d 90, 95 (Tex. App.-Texarkana 2000, pet. granted); Burks v. State, 876
S.W.2d 877, 909 (Tex. Crim. App. 1994) (jury [fact finder] determines witness' credibility
of extraneous offense at punishment phase). "It is not the province of this Court to
evaluate the credibility of witnesses." Charleston v. State, 33 S.W.3d 96, 100 (Tex.
App.-Texarkana 2000, pet. ref'd). The trial court did not err in allowing K.D.'s testimony.

 We affirm the judgment of the trial court.



 Donald R. Ross

 Justice


Date Submitted: September 20, 2001

Date Decided: October 17, 2001


Publish

1. Chapter 62 of the Texas Code of Criminal Procedure deals with the sex offender
registration program. Tex. Code Crim. Proc. Ann. art. 62.01, et seq. (Vernon Supp. 2001).


P>



 Bailey C. Moseley

 Justice

 



CONCURRING OPINION


 Bobby J. Whetstone, Jr., misplaces his argument when he asserts on appeal that the alleged
defects in the bond he filed in this case render the bond something other than an instanter bond and
that, for that reason, there was insufficient evidence he had notice of when and where to appear in
court. But Whetstone cites, and we find, no authority supporting his theory that a bond which has
"instanter" terms (2) but also has defects is, because of those defects, not an instanter bond and thereby
provides no evidence of notice.

 Certain defects in a bond can be evidence that the defendant did not get notice of a time or
place to appear and that evidence found within the bond can overcome the prima facie proof of
notice provided by an instanter bond. An instanter bond provides prima facie proof that the
defendant had notice of when and where to appear. Euziere v. State, 648 S.W.2d 700, 702 (Tex.
Crim. App. 1983); Bell v. State, 63 S.W.3d 529, 531 (Tex. App.--Texarkana 2001, pet. ref'd);
Richardson v. State, 699 S.W.2d 235, 238 (Tex. App.--Austin 1985, pet. ref'd). But bond defects
themselves can provide evidence which contradicts that prima facie proof, such as blanks which
indicate that the defendant did not have the notice. See Fish v. State, 734 S.W.2d 741, 743-44 (Tex.
App.--Dallas 1987, pet. ref'd) (bond's defects were evidence of lack of notice, no positive evidence
of notice appeared, resulting in finding of no notice). But see Bell, 63 S.W.3d at 532 (defective
instanter bond, but other evidence showed actual notice, resulting in finding of notice).

 Here, as is pointed out by the majority opinion's analysis, the alleged defects in the bond did
not show lack of notice. Therefore, the prima facie notice provided by the instanter bond remained
uncontradicted. 

 I respectfully concur in the majority opinion.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: October 31, 2007

Date Decided: November 21, 2007


Do Not Publish

1. Whetstone's address as shown on the bond is 106 Iris Street, Ore City, Texas, 75683.
2. "Instanter" means "[i]nstantly; at once." Black's Law Dictionary 812 (8th ed. 2004). It
refers to when a defendant must appear.