Renato GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–85–262–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 12, 1986.

Clarence S. Thompson, Houston, for appellant.

John B. Holmes, Jr., Linda A. West, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a conviction for possession of marijuana. Trial was before the court upon a plea of guilty. Punishment was assessed at eight years in the Texas Department of Corrections and a fine of one thousand dollars.

In a single ground of error appellant contends that the trial court erred in failing to admonish him as to the applicable range of punishment before accepting his plea of guilty.

On February 26, 1985, appellant pled guilty to felony possession of marijuana. The trial court then asked appellant if he was pleading guilty because he was guilty and for no other reason, if anyone had promised him anything or done anything to persuade him to plead guilty against his will, if anyone had forced or threatened him to plead guilty, if he was expecting a pardon or early parole if he pled guilty, if he was presently sane and understood the proceedings against him and if he understood his right to a jury trial, but did not admonish appellant as to the applicable range of punishment. A Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession were then entered into evidence. The trial court then stated:

"Now, Mr. Gonzales, on your plea of guilty and the evidence introduced herein, the Court finds there is sufficient evidence upon which to find you guilty of possession of marijuana which, of course, is a felony in this case. We will defer our finding of guilty, however, until a presentence investigation report has been made and filed with the Court. At that time we will have another hearing to consider the finding of guilt and assessment of the proper punishment."

On April 17, 1985, after the presentence investigation was completed, the record reflects as follows:

"THE COURT: Renato Gonzales, on your plea of guilty and the evidence introduced in this case, the Court finds you guilty as charged of the offense of possession of marijuana in a usable quantity of more than 50 pounds and less than 200 pounds which, of course, is a felony. The State had previously made a motion to reduce this case to a second degree

felony which means *the range of punishment in this case would be from 2 years to 20 years in the Texas Department of Corrections and in addition a fine of up to $10,000....* Do you have anything to say why sentence of the law should not be pronounced against you at this time? (emphasis added).

RENATO GONZALES: No, sir."

Article 26.13(a)(1) provides in pertinent part:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of punishment attached to the offense; ...

It is well settled in Texas that the failure to admonish a defendant as to the range of punishment constitutes reversible error. *McDade v. State,* 562 S.W.2d 487 (Tex. Crim.App.1978); *Fuller v. State,* 576 S.W.2d 856 (Tex.Crim.App.1979); *Whitten, III v. State,* 587 S.W.2d 156 (Tex.Crim.App. 1979); *Stewart v. State,* 580 S.W.2d 594 (Tex.Crim.App.1979). The purpose of this admonishment is to assure that the defendant entered his plea with full knowledge of its consequences. An affirmative showing of such knowledge is constitutionally required. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Appellant was not admonished by the trial court. Stating the range of punishment during sentencing does not satisfy the statutory requirement of Article 26.13(a)(1). And there is no affirmative indication in the record that appellant understood the range of punishment as stated to him during sentencing.

The State argues that when the trial court stated the range of punishment at the hearing on April 17th that this *substantially complied* with the admonishment statute, effectively protecting appellant's rights. *See,* Tex.Code Crim.Proc.Ann. § 26.13(c). The State relies on *Hardman v. State,* 614 S.W.2d 123 (Tex.Crim.App. 1981), wherein the court gave the defendant his admonishment after accepting his guilty plea. But, the record further reflected that the defendant was given the option to withdraw the plea following the belated admonishment on the range of punishment and the defendant persisted in entering a plea of guilty. *Hardman,* 614 S.W.2d at 126. In the instant case appellant was not given the option to withdraw his plea of guilty.

Accordingly, the judgment of the trial court is reversed and the cause remanded.