Ralph Edward JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–97–00719–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 22, 1999.

---

John F. Carrigan, Houston, for appellants.

Julie Klibert, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN, and WITTIG.

## OPINION

WITTIG, Justice.

Appellant, Ralph Edward Johnson, pled guilty before a jury to the offense of murder. *See* TEX. PEN.CODE ANN. § 19.02 (Vernon 1994). The jury assessed punishment at ninety-nine years confinement in the Texas Department of Criminal Justice, Institutional Division. In two points of error, appellant asserts the trial court erred by failing to properly admonish him before his guilty plea and admitting improper expert testimony. We affirm.

In his first point of error, appellant asserts the trial court committed reversible error in failing to admonish him before his guilty plea. The Texas Code of Criminal Procedure sets out the necessary admonishments that must be given prior to accepting a plea of guilty or nolo contendere. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989 & Supp.1999). "[S]ubstantial compliance by the court is suffi-

cient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." *Id.* at 26.13(c). Substantial compliance will be found if a trial court has undertaken to admonish the defendant, the sentence given was in the range prescribed by law, and the defendant has failed to affirmatively show harm. *See Hughes v. State*, 833 S.W.2d 137, 140 (Tex.Crim.App. 1992); *Ramos v. State*, 928 S.W.2d 157, 160 (Tex.App.—Houston [14th Dist.] 1996, no pet.).

■ In this case, the record does not affirmatively reveal that the trial court admonished appellant before it accepted his guilty plea. The record, however, does reveal that before punishment, the trial court corrected its error and admonished appellant.

> Court: ... did you understand, sir, that the range of punishment on this case would be not less than five and not more than 99 years or life in the state penitentiary and you could be fined up to $10,000.
>
> Defendant: Yes, your Honor.
>
> Court: And you are in good mental health, are you not?
>
> Defendant: Right now, yes, ma'am.
>
> Court: So did you plead guilty because you are guilty and for no other reason?
>
> Defendant: Yes, ma'am; yes.

Appellant was given the opportunity to testify that his plea was involuntary based on the absent admonishment. Instead, he testified that he pled guilty because he was guilty and for no other reason. Under these circumstances, we find the court substantially complied with article 26.13. *Compare Hardman v. State*, 614 S.W.2d 123, 126 (Tex.Crim.App.1981) (finding substantial compliance because defendant was given opportunity to withdraw plea after admonishments) *with Gonzales v. State*, 712 S.W.2d 834, 835 (Tex.App.—Houston [14th Dist] 1986, no pet.) (finding no sub-

stantial compliance because record did not reflect defendant understood range of punishment). Accordingly, we overrule appellant's first point of error.

In his second point of error, appellant contends the trial court erred by allowing improper expert testimony. Specifically, the trial court allowed testimony concerning whether appellant would be a good candidate for probation.

Appellant called character witnesses that testified he was not a violent person and they would hire him if he were given probation. Appellant also called Cheri Scholtz, the court's probation liaison officer, to testify. Appellant questioned Scholtz on the basic principles of probation and on what factors effect the conditions of ones's probation. The State contends Scholtz's and the character witnesses' testimony offered by appellant opened the door regarding his character, waiving his second point of error. Assuming there was no waiver, we will address the merits of appellant's second point of error.

Appellant complains of the following exchange between Scholtz and the State's attorney:

> Q: So if someone had received a probation back in 1983 and was not able to successfully complete that because he was unable to follow the terms and conditions of his probation, by failing to report to his probation officer, and was revoked on that probation and then committed a theft and was convicted of that and then committed a murder, in your opinion as a liaison officer who has seen probationers come through this court for the last fourteen years, would you say that person would be a good candidate for probation?
>
> ... [Objection, this question asks for an opinion, asks for speculation, the witness is not qualified, and is outside scope of direct. (paraphrased) objection overruled.] ...

A:  I would not think so.

The Texas Rules of Criminal Evidence require that a person not testifying as an expert is limited to testimony based on his personal perception or knowledge. *See* TEX. R CRIM. EVID. 701. The record reveals Scholtz's testimony was not based on personal perception or knowledge. Therefore, the only possible way Scholtz could have testified about appellant is as an expert. The appropriate criteria to qualify Scholtz as an expert in matters not involving hard science are whether: (1) the field of expertise is a legitimate one; (2) the subject matter of the expert's testimony is within the scope of that field; and (3) the expert's testimony properly relies upon and /or utilizes the principles involved in the field. *See Nenno v. State,* 970 S.W.2d 549, 561 (Tex.Crim.App.1998).[1] The record fails to demonstrate Scholtz was qualified to testify whether appellant was suitable for probation. Moreover, 'suitability' for probation is *not* an issue, and evidence going to prove that an applicant for probation is or is not suitable is objectionable. *See Ortiz v. State,* 834 S.W.2d 343, 346 (Tex.Crim.App.1992) (citing *Murphy v. State,* 777 S.W.2d 44, 67 (Tex.Crim.App. 1988)). Thus, even if the State established Scholtz as an expert, the testimony elicited was objectionable and irrelevant. *Id.*

Finding the evidence to have been erroneously admitted, we must now determine whether this constitutes reversible error. *See* TEX.R.APP. P. 44.2. Because this error was an evidentiary matter, 44.2(b) applies rather than 44.2(a). *See King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App. 1997); *Garza v. State,* 963 S.W.2d 926, 930 (Tex.App.—San Antonio 1998, no pet.). Rule 44.2(b) requires us to examine error in relation to the entire proceeding and determine whether it had a "substantial and injurious effect or influence in deter-mining the jury's verdict." *King,* 953 S.W.2d at 271 (citing *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). If the record fails to demonstrate the error had such an impact, we must disregard it.

Appellant could only have qualified for probation if the punishment assessed by the jury did not exceed ten years imprisonment. The jury assessed punishment at ninety-nine years. Based on this punishment, the possibility of probation was apparently not an issue the jury considered. Therefore, we hold the trial court's error was harmless and overrule appellant's second point of error.

We affirm the judgment of the trial court.

---

1.  We are seeing many cases where the parties are failing to qualify expert witnesses under TEX.R. EVID. 702 and standing case law. *See Nenno v. State,* 970 S.W.2d 549, 561 (Tex. Crim.App.1998); *Hartman v. State,* 946 S.W.2d 60 (Tex.Crim.App.1997); *Kelly v. State,* 824 S.W.2d 568 (Tex.Crim.App.1992); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).