**Larry M. ELLISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–04–00599–CR.**

Court of Appeals of Texas,
San Antonio.

April 13, 2005.

Rehearing Overruled April 28, 2005.

Michael C. Gross, Law Office of Michael C. Gross, San Antonio, for appellant.

Anton Hackebeil, Dist. Atty., Hondo, M. Patrick Maguire, Danford, Emerson & Maguire, P.L.L.C., Kerrville, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

Defendant, Larry M. Ellison, pled guilty to sexually assaulting a thirteen-year-old child. A jury assessed punishment at twenty years' confinement. On appeal, defendant asserts the trial court reversibly erred, during the punishment phase, by (1) allowing a probation officer to testify regarding defendant's suitability for probation; (2) allowing the probation officer to testify as an expert; and (3) refusing to allow defendant's cross-examination of the complainant about matters "to which the door had been opened on direct examination by the state." We affirm.

## PROBATION OFFICER'S EXPERT TESTIMONY

During the punishment phase, the trial court allowed a probation officer to offer her opinion on whether defendant was a suitable candidate for probation. In his first and second issues, defendant contends the trial court erred in allowing such testimony because (1) testimony regarding a criminal defendant's suitability for probation is not an issue in the punishment phase of trial, and (2) the probation officer here was not qualified to offer her opinion on his suitability.

▮ Texas Code of Criminal Procedure article 37.07, section 3(a), governs the admissibility of evidence during the punishment phase. The original version of the article was very restrictive, and provided that, "[r]egardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character."[1] Cases interpreting the former version of article 37.07 held that testimony regarding a defendant's suitability for probation was objectionable as irrelevant. *See Ortiz v. State*, 834 S.W.2d 343, 346 (Tex.Crim.App. 1992); *Murphy v. State*, 777 S.W.2d 44, 62–67 (Tex.Crim.App.1989). However, the 1989 amendment to article 37.07 widened the scope of admissible evidence considerably. *See Muhammad v. State*, 46 S.W.3d 493, 505 (Tex.App.-El Paso 2001, no pet.); *Peters v. State*, 31 S.W.3d 704, 716–17 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). The current version of article 37.07, which governs this case, reads in pertinent part as follows:

---

1. Acts 1973, 63rd Leg., R.S., ch. 399, § 2, 1973 Tex. Gen. Laws 883, 971–72, *amended* by Acts of 1989, 71st Leg., R.S., ch. 785, § 4.04, 1989 Tex. Gen. Laws 3471, 3492.

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant *as to any matter the court deems relevant to sentencing,* including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or bad act.....

TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (Vernon Supp.2005) (emphasis added). At least two of our sister courts analyzing the current version of article 37.07, section 3(a) hold that it does not preclude evidence of a defendant's suitability for probation.[2] *Muhammad,* 46 S.W.3d at 505 (seeing "no logical reason for excluding evidence on suitability for probation from" punishment deliberation); *Peters,* 31 S.W.3d at 716–17 (concluding that nothing in current article 37.07, section 3(a) makes evidence of defendant's suitability for probation inadmissible per se).[3] We believe the admissibility of such evidence is now judged by its relevancy to sentencing. *See* TEX.CODE CRIM. PROC. ANN.

art. 37.07 § 3(a); *see. also Peters,* 31 S.W.3d at 719 (holding that suitability for probation can be relevant to a jury's recommendation). Therefore, we cannot say the trial court abused its discretion by allowing into evidence testimony regarding defendant's suitability for probation.

 Defendant also complains that the probation officer was not qualified to testify as an expert. Expert testimony is admissible only after the trial court is satisfied that (1) the expert is qualified by knowledge, skill, experience, training, or education; (2) the subject of the testimony is appropriate for expert testimony; and (3) the testimony will assist the trier of fact in deciding the case. TEX.R. EVID. 702; *see also Alvarado v. State,* 912 S.W.2d 199, 215–16 (Tex.Crim.App.1995). The special knowledge that qualifies a witness to give an expert opinion may be derived from specialized education, practical experience, a study of technical works, or a varying combination of these things. TEX.R. EVID. 702; *Penry v. State,* 903 S.W.2d 715, 762 (Tex.Crim.App.1995). Whether a witness offered as an expert possesses the required qualifications is a question that rests largely within the trial court's discretion, and the decision to admit or exclude the testimony will not be disturbed absent a clear abuse of discretion. *Penry,* 903 S.W.2d at 762.

Here, the probation officer testified she has a psychology degree with an emphasis on sex crimes and aggression, a degree in criminal justice, and has supervised sex

---

**2.** Two other courts of appeals have continued to exclude testimony as to a defendant's suitability for probation, but both have done so without addressing the effect of the 1989 amendment to article 37.07. *See Hardin v. State,* 20 S.W.3d 84, 90 (Tex.App.-Texarkana 2000, pet. ref'd); *Johnson v. State,* 991 S.W.2d 427, 430 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd).

**3.** The Texas Court of Criminal Appeals has not considered whether, under the current version of the statute, suitability for probation is an appropriate subject of expert testimony in the sentencing phase of a trial. *See Ortiz,* 834 S.W.2d at 346 n. 7 (noting the case was tried "prior to the 1989 amendment" and stressing it did not "address the question whether 'suitability' for probation is an issue under the current incarceration [sic] of the statute").

offenders as part of her duties as a probation officer. Additionally, she stated she had special training involving sex crimes and supervising sex offenders; had attended seminars on violence, domestic violence, and sex crimes; and, in the past year alone, had received seventy-five hours of specialized training. She testified as to her experience as a probation officer and her training involving sex offenders and their victims, both of which comprise legitimate fields of expertise. *See Hardin v. State*, 20 S.W.3d 84, 92 (Tex.App.-Texarkana 2000, pet. ref'd) (holding a probation officer's extensive experience and training in the investigation and supervision of sex offenders qualified her to testify as an expert regarding whether a convicted sex offender posed a continuing threat to society). She testified the complainant's conduct after the assault was consistent with her knowledge about the behavior of victims of sexual assault in general, and defendant's conduct was consistent with her knowledge about how sex offenders generally behave. Based on the probation officer's extensive background, experience, and expertise in the area of sexual offenders, the trial court could have reasonably concluded she was qualified to testify as an expert on defendant's suitability for probation. Accordingly, we cannot say the trial court abused its discretion in allowing the probation officer to testify as an expert.

## COMPLAINANT'S PRIOR SEXUAL HISTORY

■ In his third issue, defendant asserts the trial court reversibly erred by refusing to allow him to cross-examine the complainant about her sexual relations with several other men in order to show (1) her motive or bias, and (2) to refute the implied testimony that the complainant was involved only with a minor-aged boyfriend prior to the assault.

After complainant testified on direct examination by the State that she had sexual intercourse with a minor-aged boyfriend prior to the assault, defense counsel sought to inquire on cross-examination about the complainant's relationship with several adult men. The trial court conducted a hearing outside the jury's presence on whether this line of questioning was permissible under Texas Rule of Evidence 412. During the hearing, complainant testified she had five sexual partners, including the minor-aged boyfriend, prior to being assaulted by the defendant. Four of those partners were adults. The trial court excluded any testimony from the complainant about any of her sexual partners other than her minor-aged boyfriend. On appeal, defendant relies on this court's opinion in *Draheim v. State*, 916 S.W.2d 593 (Tex.App.-San Antonio 1996, pet. ref'd), for his argument that Rule 412 does not apply to evidence that a child complainant has been sexually abused by other adults.

Rule 412, commonly known as the "rape shield law," precludes reputation or opinion evidence of an alleged sexual assault victim's past sexual behavior, except in certain specific instances. TEX.R. EVID. 412. Among those instances is if the evidence relates to the alleged victim's motive or bias and if the probative value of the evidence outweighs the danger of unfair prejudice. TEX.R. EVID. 412(b)(2)(C), (3). Therefore, before evidence of an alleged victim's sexual behavior may be admitted under Rule 412, a defendant must first establish the relevancy of the evidence to a material issue in the case. *See* TEX.R. EVID. 401. If the evidence is not relevant, it is not admissible. *See* TEX.R. EVID. 402.

■ In *Draheim*, a panel of this court noted that the admissibility of evidence elicited on cross-examination is based upon a determination of its relevancy. *Draheim*, 916 S.W.2d at 598. Evidence relevant to sentencing may be admitted during

the punishment phase of trial. TEX.CODE CRIM. PROC. art. 37.07, § 3(a). "The focus of the punishment phase is . . . the personal responsibility and moral blameworthiness of the defendant for the crime of which he has been convicted." *Draheim,* 916 S.W.2d at 600. Thus, evidence "regarding the offense or the defendant, which tends to reduce a defendant's moral blameworthiness, may be received as mitigating evidence." *Id.* We conclude here that evidence of the complainant's relationship with other adult men is "not evidence regarding either the circumstances of the offense or [defendant] himself, nor is it evidence a juror might regard as reducing [defendant's] moral blameworthiness." *See Draheim,* 916 S.W.2d at 600 (determining that evidence the complainant had been sexually abused by persons other than appellant was irrelevant). Accordingly, we cannot say the trial court abused its discretion in excluding the complainant's testimony.

## CONCLUSION

We overrule defendant's issues on appeal and affirm the trial court's judgment.