**Affirmed and Memorandum Opinion filed December 28, 2018.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-17-00964-CR

### DERICK FREDSHIRD MCCARTY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1290383**

## M E M O R A N D U M   O P I N I O N

In this appeal from a judgment sentencing appellant to nine years' confinement, we consider whether the trial court abused its discretion in overruling appellant's objection that certain testimony was irrelevant.

### BACKGROUND

Initially charged with aggravated sexual assault of a child, appellant Derick Fredshird McCarty pled "guilty" to the reduced offense of indecency with a child.

The court deferred adjudication for a period of five years under conditions of community supervision. Among other community-supervision conditions, appellant was required to

- "commit no offense against the laws of this or any other State or of the United States";
- participate in (enroll, attend, and complete) sex offender treatment programs;
- "avoid persons or places of disreputable or harmful character";
- avoid use of drugs or alcohol, and comply with screening policies;
- pay required fees to Harris County Community Supervision and Corrections Department;
- "not to supervise. . .persons who are seventeen (17) years of age or younger"; and
- avoid contact with any minor under the age of 17.

In 2013, the State moved to adjudicate guilt, alleging violations of various drug-use and drug-testing conditions, fee payment conditions, and sex-offender treatment conditions. The trial court dismissed the first motion and ordered that appellant serve thirty days in jail.

The State filed a second motion to adjudicate appellant's guilt, alleging violations of the community-supervision conditions, including "continued use of marihuana and phencyclidine, use of alcohol and cocaine, residing within 1,000 feet of a place where children gather, and continued failure to participate in sex offender treatment." Appellant pled "true" to the allegations. The trial court adjudicated appellant's guilt and assessed punishment at ten years' confinement, suspended for a probationary period of six years under the same community-supervision conditions.

A year and a half later, after appellant again failed to attend sex-offender

2

treatment as ordered, the State moved to revoke community supervision and a warrant was issued for appellant's arrest. When appellant failed to register as a sex offender, another arrest warrant was issued.

Despite having two felony warrants for his arrest, appellant went for some time without getting arrested. But, in early May 2017, while driving with a female passenger, appellant encountered law enforcement on a public roadway. After appellant attempted to circumvent a temporary road block created for an investigation of a traffic fatality, a police officer pursued appellant's vehicle and a high-speed chase ensued. After appellant lost control of his vehicle and it came to a stop, appellant took off on foot. The officer followed and eventually apprehended and arrested appellant.

At the hearing on the State's motion to revoke community supervision, appellant pled "true" to the state's allegations of violations of community-supervision conditions. The State sought to put on evidence of appellant's evading arrest and the circumstances surrounding the high-speed chase. Appellant objected to the relevance of evidence of a female passenger in the car, which the trial court overruled. Appellant did not object to other evidence about the female passenger, including her age, admission of her photograph, or her status as a missing person. At the conclusion of the hearing, the trial court revoked community supervision and reduced his sentence to nine years in the institutional Division of the Texas Department of Criminal Justice.

## ISSUE AND ANALYSIS

In a single issue, appellant complains on appeal that the trial court abused its discretion by admitting evidence that at the time appellant was apprehended he had a female passenger in his vehicle. Appellant contends the evidence was not relevant and the trial court's error in admitting it affected his substantial right to

due process.

## No Preservation of Error

As a threshold matter, we consider whether appellant preserved his complaint for appellate review. Appellant obtained an adverse ruling on an objection to the relevance of an officer's testimony that there was a female passenger in the car with appellant. Thus, appellant preserved error on his appellate complaint as to this testimony. *See Rivera-Reyes v. State*, 252 S.W.3d 781, 786–88 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The State presented other evidence regarding the female passenger: a photograph of her, testimony about her age, testimony that she was listed as a missing person, and testimony that she had a warrant out for her arrest. As to this other evidence about the female passenger, appellant voiced no complaint and thus failed to preserve error as to the admission of this evidence. *See West v. State*, 554 S.W.3d 234, 242 (Tex. App.—Houston [14th Dist.] 2018, no pet.)

## No Error in the Admission of the Challenged Evidence

We now address whether the trial court abused its discretion in overruling appellant's objection that the officer's testimony as to the presence of the female passenger in the car with appellant was irrelevant. In a community-supervision revocation proceeding, formal rules of evidence apply. *Ex parte Doan*, 369 S.W.3d 205, 210 (Tex. Crim. App. 2012). Because appellant stipulated to the community-supervision violations, the proceeding functioned essentially like any other punishment proceeding, with the trial court receiving evidence "as to any matter the court deemed relevant to sentencing." Tex. Code Crim. Proc. Ann. art 37.07, § 3(a)(1) (West, Westlaw through 2017 1st C.S.); *Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999)(noting the definition of "relevancy" in the punishment context is a question of what is helpful "in determining the

4

appropriate sentence in a particular case."). Evidence is relevant if it has any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. Tex. R. Evid. 401.

Appellant cites *Ellison v. State*, in arguing by analogy that the trial court erred in admitting the evidence. Appellant contends that the principle underlying the rule that evidence of a victim's character is not relevant for the purpose of "reducing [a defendant's] moral blameworthiness," if evenly applied would dictate that a non-victim's missing-person status is not relevant for the purpose of showing aggravating evidence to support enhancement. *See Ellison v. State*, 165 S.W.3d 774, 778 (Tex. App.—San Antonio 2005), *aff'd*, 201 S.W.3d 714 (Tex. Crim. App. 2006). The conditions for community supervision were relevant. The circumstances surrounding appellant's evading-arrest offense, including the presence of a female passenger in the car with appellant, are matters relevant to the trial court's sentencing determination. *See Lindsay v. State*, 102 S.W.3d 223, 227 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd); *Burks v. State*, 227 S.W.3d 138, 148 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (state is generally entitled to show the circumstances surrounding an arrest). Thus, the trial court did not abuse its discretion in overruling appellant's objection that the officer's testimony as to the presence of a female passenger in the car with appellant was irrelevant.

## No Harm

Even if the trial court had abused its discretion in overruling appellant's objection to the officer's testimony that a female passenger was in the car with appellant, any such error would be harmless because the same evidence was admitted elsewhere without objection. *See Rivera-Reyes*, 252 S.W.3d at 786–88. When a court admits evidence over an objection, any error in the trial court's

ruling is harmless if the court admits the same evidence without objection. *Id.* at 787. Appellant's trial counsel elicited testimony from the arresting officer and from appellant about the female passenger, and her photograph was admitted without objection. We conclude that even if the trial court had erred in overruling appellant's objection to the officer's testimony as to the presence of a female passenger in the car with appellant, that error would be harmless. *See id.* at 786–88.

## CONCLUSION

Appellant preserved error to the extent he complains that the trial court erred in overruling his objection to the relevance of the officer's testimony that there was a female passenger in the car with appellant. Appellant failed to preserve error to the extent he complains about the admission of other evidence concerning the female passenger. The trial court did not abuse its discretion in overruling appellant's objection to the relevance of the officer's testimony as to the presence of the female passenger in the car with appellant. And, even if the trial court had erred in that ruling, any error would be harmless. Accordingly, we overrule appellant's only appellate issue and affirm the trial court's judgment.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Donovan and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).