

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00011-CR
_____

RAYMOND LIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1745025

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

After a bench trial on punishment, a Tarrant County[1] judge convicted Raymond Lin of second-degree felony sexual assault of a child under seventeen years old and sentenced him to thirteen years' imprisonment. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (Supp.). After pleading guilty, Lin admitted, during the punishment trial, to sexually assaulting Mary Booth[2] while she was at a church conference in Tarrant County and again when they returned to Pennsylvania, where they both lived. Lin argues that (1) his appeal may proceed because the trial court permitted him to appeal; (2) the trial court abused its discretion by preventing him, in his testimony, from responding to testimony from the victim's mother that the victim was a virgin at the time of the assault; (3) the trial court erred in admitting evidence of a bad act; and (4) the trial court erred in admitting testimony about his then-current relationship. We affirm the trial court's judgment.

## I. Background

Lin pled guilty to count one and pled in bar to counts two through four.[3] *See* TEX. PENAL CODE ANN. § 12.45(a).

---

[1]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

[2]We use pseudonyms and initials to protect the identity of the children. *See* TEX. R. APP. P. 9.10; TEX. CONST. art. I, § 30(a)(1) (conferring crime victims with "the right to be treated with fairness and with respect to the victim's dignity and privacy throughout the criminal justice process").

[3]A plea in bar "permits a defendant (with the prosecutor's consent) to admit guilt of an unadjudicated extraneous offense, have that offense taken into account by the trial court in sentencing on the primary offense, and thereafter bar any future prosecution for that extraneous offense." *Lopez v. State*, 253 S.W.3d 680, 682 (Tex. Crim. App. 2008). Lin was originally indicted on four counts against Mary: two counts of sexual assault of a child under

2

At the punishment trial, Mary's mother described a trip to a church conference Mary took from her home in Pennsylvania to Dallas, Texas, in December 2021.[4] Mary's mother testified that she was told that all the children would be supervised "at all times."

Lin testified to events at the conference and thereafter. Lin met Mary at the conference and spent a lot of time with her during the trip. At the time, Mary was fifteen years old, and Lin was twenty-one years old. Mary was at the conference for high schoolers, and Lin was at a corresponding conference in the same hotel for college students. One night, Lin took Mary and several others to an expensive dinner in downtown Dallas. Afterward, Lin convinced a patron of a nearby hotel to let them into the rooftop swimming pool, where they swam in their underwear. The next night, Lin, Mary, and several others left the conference hotel and went to downtown Dallas again. The third night, Mary and her friend met Lin and his friend in Lin's room at the conference hotel. When Mary's friend and Lin's friend left to get food, Lin had oral sex with Mary.

Penny was another attendee at the church conference. She knew Lin. Lin testified to his prior relationship with Penny and to her interactions with Mary (which Lin learned of via his electronic message exchanges with Mary). When Lin was eleven and Penny was seven, he touched Penny in ways Lin described as childish curiosity, but Penny and her family considered

_____

seventeen years old and two counts of indecency by sexual contact of a child under seventeen years old. The record does not indicate the substance of the plea in bar, but the State recommended in the written plea admonishments an open plea with a pre-sentence investigation (PSI) on count one and a plea in bar for counts two, three, and four. During sentencing, the trial court recognized this was a plea bargain that contained a plea in bar and explicitly granted Lin the right to appeal.

[4]Being from Pennsylvania, the witnesses testified generally to the church conference being in Dallas. More precisely, the conference was at a Dallas-Fort Worth Airport hotel in Tarrant County.

the acts molestation. During the outings in Dallas described above, Mary posted to social media. Apparently, Penny saw the posts or otherwise learned that Lin was spending time with Mary. Penny reached out to Mary and told Mary about her dealings with Lin. Penny urged Mary to pursue a "lawsuit" against Lin. While still at the conference, Lin made plans to see Mary once the conference was over. He wanted to stay in touch with Mary to "change her mind on [Penny's] interaction with her, threatening -- telling -- making her pursue a lawsuit on [him]."

After the conference ended, Mary went back to Pennsylvania. Less than a week later, Lin went from the city in Pennsylvania where he lived to the city where Mary lived, took Mary shopping, and then took Mary to a hotel and had sex with her.

Following the punishment trial, the trial court considered both the testimony at trial and a PSI report before imposing the sentence. The trial court imposed a thirteen-year sentence and certified Lin's right to appeal by checking the box stating, "[This] is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal." *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2). Lin appeals.[5]

## II.      No Preservation About the Child Victim's Virginity

The State admitted testimony from Mary's mother stating that Mary was a virgin at the time Lin sexually assaulted her. In Lin's second point of error, he argues that the trial court improperly restricted him from giving his opinion about Mary's mother's testimony because his

---

[5]In Lin's first point of error, he argues that even if the case involved a charge bargain, his appeal may proceed because the trial court granted him permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2); TEX. CODE CRIM. PROC. ANN. art. 44.02. Since the State does not challenge Lin's right to an appeal, no controversy remains. *See Shankle v. State*, 119 S.W.3d 808, 811 (Tex. Crim. App. 2003).

testimony would have been admissible for the motive or bias exception under Rule 412.[6]  The State argues that Lin did not preserve the issue because he failed to make an offer of proof regarding the excluded testimony.

Rule 412 of the Texas Rules of Evidence generally prohibits the introduction of reputation or opinion evidence, or specific instances of a victim's past sexual behavior, except for limited exceptions like motive or bias.  *See* TEX. R. EVID. 412(a), (b)(2)(C).  Rule 412 "is not limited in its applicability to only the guilt/innocence phase of trial."  *Eaves v. State*, 141 S.W.3d 686, 693 (Tex. App.—Texarkana 2004, pet. ref'd).

On the State's direct examination of Mary's mother, she stated:

> [Mary] is upset that she -- because she was a virgin, so she was very upset that that took place and that he would not, basically, be with her long term.  Since then, I've talked to her multiple times about developing a healthy relationship with a partner and the steps in doing that and to -- sometimes people say things that they don't mean.

Later, during Lin's direct examination, he attempted to respond to what Mary's mother said about Mary's virginity.  The State objected on a general relevance ground.  The trial court initially overruled the State's objection but then sustained it after noting its consideration of Rule 412 in the State's relevance objection.

Lin's issue was not preserved for several reasons.  First, an appellant is "responsible for preserving the error he sought to raise on appeal by specifically articulating the legal basis for his proffer at trial."  *Golliday v. State*, 560 S.W.3d 664, 669 (Tex. Crim. App. 2018); s*ee* TEX. R. APP. P. 33.1(a)(1)(A); *White v. State*, 549 S.W.3d 146, 152 (Tex. Crim. App. 2018) ("[O]nce the

---

[6]Rule 412 of the Texas Rules of Evidence was repealed and replaced effective September 1, 2025.  All citations to Rule 412 in this opinion are to the previous version of the rule.

5

party opposing the admission of evidence satisfies their burden of properly objecting, the proponent of the evidence must show, or must have satisfactorily shown, that they have carried their burden of demonstrating, by a preponderance of the evidence, that the evidence is admissible." (footnote omitted) (citations omitted)).

Here, Lin never requested a Rule 412 hearing or informed the trial court that he challenged its ruling based specifically on motive and bias. *See Eaves*, 141 S.W.3d at 693 ("Although Eaves claims on appeal that his proffered testimony was admissible pursuant to one of the exceptions provided for in [Rule 412], . . . he never raised that argument before the trial court and therefore failed to preserve it for our review."); *Cloffey v. State*, No. 01-94-00200-CR, 1994 WL 719771, at *2 (Tex. App.—Houston [1st Dist.] Dec. 29, 1994, pet. ref'd) (not designated for publication) ("Appellant's argument that the evidence was admissible under rule 412(b)(2)(A) and (E) was not raised in the trial court and thus is not preserved on appeal."); *see also Ellison v. State*, 165 S.W.3d 774, 777 (Tex. App.—San Antonio 2005), *aff'd*, 201 S.W.3d 714 (Tex. Crim. App. 2006) ("[B]efore evidence of an alleged victim's sexual behavior may be admitted under Rule 412, a defendant must first establish the relevancy of the evidence to a material issue in the case."). Neither did Lin object to the lack of a Rule 412 hearing. Even though the State had already introduced testimony about Mary's virginity, Lin never informed the trial court what exactly he intended to say about Mary's virginity. The potential testimony could have been inadmissible. *Jones v. State*, No. 01-22-00172-CR, 2023 WL 4239873, at *5 (Tex. App.—Houston [1st Dist.] June 29, 2023, no pet.) (mem. op., not designated for

publication) ("Jones failed to establish what J.J.'s testimony would have been had he been permitted to testify on the issue.").

Second, Lin failed to carry the "burden to demonstrate a nexus or logical connection between the [evidence sought to be admitted] and . . . [Mary's] potential motive to testify against him." *Smith v. State*, 352 S.W.3d 55, 67 (Tex. App.—Fort Worth 2011, no pet.).

Third, Lin did not demonstrate how "the probative value of the evidence outweighs the danger of unfair prejudice" under Rule 412(b)(3). TEX. R. EVID. 412(b)(3). "[U]nlike Rule 403 of the Texas Rules of Evidence, which embodies a presumption of admissibility of relevant evidence even if it has some potential to be unfairly prejudicial, . . . Rule 412(b)(3) tips the scale against admissibility of such evidence." *Faglie v. State*, No. 03-17-00281-CR, 2019 WL 847812, at *2 (Tex. App.—Austin Feb. 22, 2019, pet. ref'd) (mem. op., not designated for publication) (citations omitted). "Under Rule 412, the proponent of evidence bears the burden of establishing that the probative value outweighs the danger of unfair prejudice." *Id.* at *5.

Therefore, Lin did not preserve the issue for appeal. As a result, we overrule Lin's second point of error.

### III. The Trial Court Did Not Err by Admitting Extraneous Acts During Punishment

In the third point of error, Lin argues the trial court erred by admitting testimony about Lin sneaking Mary and other underaged girls into a swimming pool at another hotel.

#### A. Standard of Review

"[A] trial court's ruling admitting or excluding evidence is reviewed on appeal for abuse of discretion." *Ramos v. State*, 245 S.W.3d 410, 417–18 (Tex. Crim. App. 2008). "[T]he trial

court's ruling will be upheld if it is reasonably supported by the record and is correct under any theory of law applicable to the case." *Id.* at 418. The trial court abuses its discretion only when the decision lies "outside the zone of reasonable disagreement." *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007) (quoting *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005).

### B. Applicable Law

Texas Code of Criminal Procedure Article 37.07, Section 3(a), "governs the admissibility of evidence during the punishment phase of a non-capital trial." *Sanders v. State*, 422 S.W.3d 809, 813 (Tex. App.—Fort Worth 2014, pet. ref'd) (quoting *Erazo v. State*, 144 S.W.3d 487, 491 (Tex. Crim. App. 2004)). Under this Article, at punishment, "a trial court may admit evidence of 'any matter the court deems relevant to sentencing,' including . . . an extraneous crime or bad act that is shown beyond a reasonable doubt to have been committed by the defendant." *Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1)). As the Texas Court of Criminal Appeals has explained,

> What is "relevant" to the punishment determination is simply that which will assist the fact finder in deciding the appropriate sentence in a particular case. When the jury assesses punishment, it must be able to tailor the sentence to the particular defendant, and relevance is simply "a question of *what is helpful to the jury* in determining the appropriate sentence for a particular defendant in a particular case."

*Id.* at 814 (quoting *Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008)).

### C. Analysis

During the punishment trial, Lin testified on his own behalf. On direct examination, Lin testified about taking Mary and the others swimming at the hotel across the street from where

they had dinner. However, during his cross-examination, the State asked how they accessed a rooftop hotel pool where they were not staying. Lin admitted to sneaking into the nearby hotel's pool via a hotel guest's key fob. Lin objected to relevance, and the trial court overruled the objection.

Article 37.07 explicitly allows evidence about "the circumstances of the offense for which [the defendant] is being tried." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Supp.). That event happened to Mary shortly after meeting Lin and would be considered background contextual evidence because it was part of the events that led up to the sexual assault, even though the contextual act occurred two nights before. *See Mayes v. State*, 816 S.W.2d 79, 85 (Tex. Crim. App. 1991).

Moreover, even if it were not a circumstance around the offense, it is relevant to determining the appropriate sentence. *Tow v. State*, 953 S.W.2d 546, 547 (Tex. App.— Fort Worth 1997, no pet.) (per curiam); *see* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1). Though the conduct might be minor (i.e., gaining unauthorized entry to the hotel pool), the evidence was relevant and helpful to assess Lin's character and credibility for determining the extent of the planning and predatory nature of his offense, which is relevant to sentencing.

Therefore, the trial court did not abuse its discretion in allowing the evidence during the punishment phase. As a result, we overrule Lin's third point of error.

## IV. No Error by Admitting Testimony About Lin's Then-Current Relationship

In the last point of error, Lin argues the trial court abused its discretion in admitting testimony about Lin's then-current relationship with a woman, arguing the evidence was irrelevant and inadmissible character evidence under Rule 404 of the Texas Rules of Evidence.

### A. Applicable Law

Texas Code of Criminal Procedure Article 37.07, Section 3(a), "governs the admissibility of evidence during the punishment phase." *Ellison v. State*, 165 S.W.3d at 775.

Article 37.07, Section 3(a)(1), states,

> [E]vidence may be offered by the [S]tate and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and . . . any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1). "When a defendant requests community supervision . . . a trial court may reasonably deem any character trait that pertains to the defendant's suitability for community supervision to be a relevant matter for the sentencer to consider." *Pantoja v. State*, 496 S.W.3d 186, 190 (Tex. App.—Fort Worth 2016, pet. ref'd). "The jury is concerned at the punishment phase hearing with evaluating a defendant's background and character independent of the commission of the crime on trial." *Thompson v. State*, 33 S.W.3d 847, 853 (Tex. App.—Tyler 2000, pet. ref'd).

## B.    Analysis

On cross-examination, the State asked Lin about his then-current relationship. After Lin stated that he had broken off the relationship, Lin objected based on relevance. On appeal, Lin argues the trial court erred based on Rules 401 and 404.[7]

Lin requested that the trial court consider community supervision. "[W]hen a defendant applies for community supervision . . . , the trial court may reasonably deem any character trait that pertains to the defendant's suitability for community supervision to be a relevant matter for the sentencer to consider." *Sims*, 273 S.W.3d at 295; *see* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1). "[G]iven that the appellant applied for community supervision, any information about h[is] character that was relevant to h[is] suitability for community supervision was admissible." *Sims*, 273 S.W.3d at 296; *see Pantoja*, 496 S.W.3d at 192 (noting that sentencer would want to consider defendant's character "in determining an appropriate punishment for Pantoja and whether Pantoja could adequately complete the demands of community supervision").

Here, evidence regarding Lin's plans during the potential period of community supervision was relevant to the trial court's decision whether to grant community supervision. Also, evidence regarding Lin's truthfulness and behavior in relationships was relevant at punishment to assess character and suitability for community supervision. The relationship evidence contextualized prior conduct and then-current character and supported the State's

---

[7]To the extent Lin argues Rule 404, we overrule the issue. Lin did not object at trial based on Rule 404. A party's objection must state the grounds for the objection with "sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A).

sentencing theory that Lin was not a suitable candidate for community supervision. *See Sims*, 273 S.W.3d at 295.

As a result, we overrule Lin's last point of error.

## V.     Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:      August 26, 2025
Date Decided:        December 15, 2025

Do Not Publish